**DISTRICT OF COLUMBIA, to Use of HYDROSEAL WATERPROOFING CO. v. SUN INDEMNITY CO. OF NEW YORK et al.**

**No. 6421.**

United States Court of Appeals for the District of Columbia.

Decided Jan. 20, 1936.

George E. Edelin and Thomas D. Peyser, both of Washington, D. C., for appellant.

William F. Kelly and P. J. J. Nicolaides, both of Washington, D. C., for appellees, Sun Indemnity Company of New York, General Reinsurance Corporation, Great American Indemnity Company, The Excess Insurance Company of America and Guardian Casualty Company.

Christopher B. Garnett, of Washington, D. C., for appellee, United States Casualty Company.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This case is here upon an appeal from a decree of the Supreme Court of the District of Columbia dismissing, upon motion of the appellees, defendants below, the bill of complaint and amended bill of complaint of the appellant, the plaintiff below. The appellant is District of Columbia, to the use of Hydroseal Waterproofing Company, a Corporation. The appellees are the United States Casualty Company, Sun Indemnity Company of New York, General Reinsurance Corporation, Great American Indemnity Company, The Excess Insurance Company of America, and Guardian Casualty Company, all corporations of New York.

The issues in this case are, except as below set forth, identical with those in Bruckner-Mitchell, Inc., v. Sun Indemnity Company of New York (No. 6409),

65 App.D.C. 178, 82 F.(2d) 434, decided by this court January 20, 1936. The only difference between that case and this one is that in No. 6409 the suit was brought by Bruckner-Mitchell, Inc., the appellant there, the plaintiff below, both in its own name and in its own right, with the District of Columbia as a party defendant against which no relief was sought, whereas in the instant case the party plaintiff below is differently named. In the caption it is as above appears, "District of Columbia, to the use of Hydroseal Waterproofing Company, a Corporation, appellant." In paragraph 1 of the complaint the "use plaintiff" is described as a Pennsylvania corporation engaged in the business of waterproofing buildings; it is not there stated to have brought the suit in its own right. But in the body of the bill the cause of action is stated in a manner which makes it clear that the cause is that of the Hydroseal Waterproofing Company in its own right.

The case is, therefore, not—

" * * * prosecuted in the *name* of the real party in interest * * *" [italics supplied] within Equity Rule No. 13 of the Supreme Court of the District of Columbia. But that same rule provides that—

" * * * a party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought * * *"

and also provides—

" * * * all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs * * *."

We think that this suit, brought in the right of the Hydroseal Waterproofing Company, ought technically to have been brought also in its name. But in case No. 6409, we held that Bruckner-Mitchell, Inc., a materialman, was a third party beneficiary under the first reinsurance agreements involved, and as such a real party in interest. In this case the Hydroseal Waterproofing Company is a materialman, and is a third party beneficiary under the same agreements. We think the suit not in a fatal sense improperly brought by the District of Columbia as a party in whose name, in the first reinsurance agreements, a contract has been made for the benefit of another.[1]

The issues in the instant case being, except in respect of the procedural point just discussed, the same as those in No. 6409, the decision in that case in respect of those issues is controlling, and therefore, in accordance with that decision in respect of those issues and in accordance with this decision in respect of the procedural point herein discussed, we hold that the action of the trial court in dismissing the bill of complaint and amended bill of complaint in the instant case was erroneous, and its decree is therefore

Reversed and the case remanded for trial.

The agreement and division of the court in this case in respect of the various points involved, other than the procedural point above discussed, is identical with that expressed in No. 6409.

---

[1] As appears from the opinion in No. 6409, Mr. Justice ROBB and I are of the view that a cause of action was stated upon the standard reinsurance agreements as well as upon the first reinsurance agreements. In our view the procedural point above discussed should be in the same manner resolved in respect of the standard reinsurance agreements. While these were not made in the name of the District of Columbia as were the first reinsurance agreements, the error or defect in using its name in the caption should, we think, be disregarded under Equity Rule No. 2 of the Supreme Court of the District of Columbia providing "The court, at every state of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of a party."